ORIGINAL

FILED
JUL 5 2013
U.S. COURT OF
FEDERAL CLAIMS

13-457 C

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TAMARA BARRY

AND

REBECCA BUHR

AND

DENNIS COLYER

AND

TERRY DAMMAN

AND

JARED GRAUER

AND

NEWTON HATTEN, JR.

AND

ROSS HECKMAN

AND

DOUG LINTZ

AND

KYLE MABIE

AND

LISA PERKINS

AND

JEREMY POTTER

AND

**KIMBERLA REDMON**

**AND**

**BRYON TYREE**

**AND**

**ALAN WILLIAMS,**

    **Plaintiffs,**

**v.**                                                                          **No.** _____

**THE UNITED STATES**

    **Defendant.**

## COMPLAINT AND REQUEST TO PROCEED AS A COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

The Plaintiffs, Tamara Barry, Rebecca Buhr, Dennis Colyer, Terry Damman, Jared Grauer, Newton Hatten, Jr., Ross Heckman, Doug Lintz, Kyle Mabie, Lisa Perkins, Jeremy Potter, Kimberla Redmon, Bryon Tyree, Alan Williams, on their own behalf and on the behalf of all others similarly situated, by and through their undersigned counsel, hereby file this Complaint against Defendant, The United States of America to redress actions and omissions taken by Defendant in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, 29 U.S.C § 216(b). Plaintiffs seek a declaratory judgment, backpay and other relief pursuant to 29 U.S.C. § 216; 28 U.S.C §1346(a)(2); 28 U.S.C. §§ 1491, 2201, 2202.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. § 201, *et. seq.*, 29 U.S.C. § 216, 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

RECEIVED
THE UNITED STATES COURT
OF FEDERAL CLAIMS
2013 JUL -5  AM 8: 21

2. Venue is proper pursuant to 28 U.S.C. § 1491.

## **PARTIES**

1. Plaintiffs, and all others similarly situated, at all times relevant hereto were each an "employee" as defined by 29 U.S.C. §203(e).

2. The Plaintiffs on behalf of themselves and all similarly situated employees are past or present employees of the Defendant and are currently or were previously encumbered in the GS-1801 Series as Immigration Officers ("IO") or the GS-312 Series as Intelligence Research Specialists ("IRS") within the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services office of Fraud Detection and National Security.

3. Plaintiffs, and all others similarly situated have been designated as non-exempt from the FLSA as of February 12, 2012.

4. Prior to February 12, 2012, Plaintiffs, and all others similarly situated were designated as FLSA exempt.

5. The duties of the IO and IRS positions are consistent with duties that are non-exempt from the FLSA.

6. Plaintiffs, and all others similarly situated have performed these and other similar duties during the entire relevant damages period.

7. Plaintiffs, and all others similarly situated did not have any change in duties prior to or subsequent to the Agency's conversion of them from exempt to non-exempt.

8. The potential class is comprised of similarly situated employees who are or were exempt employees of the Agency from three years prior to the filing of this Complaint or three years prior to the filing of a written claim for overtime pursuant to 5 CFR § 551.702(c)

and were during at least some of the times material herein incumbents in the GS-1801 and/or GS-312 series.

9. Defendant at all times relevant hereto was an "employer" as defined by 29 U.S.C. §203(d).

## **FACTS**

1. Section 7(a) of the FLSA provides that an employer shall compensate its employees at a rate not less than one and one half times their regular rate for each hour employed in excess of 8 hours in a day or 40 hours per week. Pursuant to this statutory provision, and at all times material herein, the Plaintiffs and all other employees similarly situated have been entitled to overtime pay for all weeks that they worked in excess of 8 hours in a day or 40 hours per week.

2. At all or some of the times material herein, and since February 2, 2012, as well as before, the Plaintiffs and all others similarly situated have worked as GS-1801 IOs and/or GS-312 IRSs for the Defendant.

3. Plaintiffs and all potential class members: a) performed work in excess of 8 hours per day but did not receive proper overtime compensation for time worked; and/or (b) performed work in excess of 40 hours per week but did not receive proper overtime compensation for time worked in violation of the FLSA and implementing regulations by the Office of Personnel Management ("OPM"), and/or were paid "capped" overtime pursuant to Title V of the US Code in lieu of true time-and-a-half overtime.

4. But for the Agency's wrongful classification of these employees as exempt from the FLSA, they would have been compensated properly for this work at the FLSA rate of one and one half times their standard hourly rate.

5. Plaintiffs and all others similarly situated worked more than 8 hours in a day and/or forty (40) hours per week in the discharge of their job duties and Defendant had actual knowledge that Plaintiffs were working more than forty (40) hours per week.

6. When Plaintiffs and all others similarly situated worked more than 8 hours in a day and/or forty (40) hours per week, they were not always compensated with time and one half overtime pay.

7. It is a common question for Plaintiffs and all others similarly situated whether Defendant acted in good faith to comply with the FLSA and the relevant laws and regulations.

8. It is a common question for Plaintiffs whether the actions of Defendant were willful under the Fair Labor Standards Act.

9. It is a common question for Plaintiffs and all others similarly situated whether Defendant willfully or recklessly disregarded the Fair Labor Standards Act.

10. Defendant willfully failed to pay Plaintiffs proper overtime pay.

11. It is Defendant's responsibility to keep time and wage records.

12. Defendant willfully and recklessly disregarded the FLSA.

## CAUSES OF ACTION

### COUNT I
### CLAIM FOR FAILURE TO PAY OVERTIME PURSUANT TO THE FLSA

10. Plaintiffs and all others similarly situated hereby re-allege and incorporate each of the preceding paragraphs as if fully set-forth herein.

11. Plaintiffs and all others similarly situated worked more than 8 hours in a day and/or forty (40) hours per week and are entitled to FLSA mandated overtime compensation.

12. Plaintiffs and all others similarly situated are entitled to FLSA mandated compensation for time spent committed to Defendant in the discharge of their job duties.

13. Defendant has not paid Plaintiffs and all others similarly situated their full and proper wages as mandated by the FLSA.

14. Defendant's violation of the FLSA is willful.

15. Plaintiffs and all others similarly situated have suffered pecuniary losses and are entitled to full recovery pursuant to the FLSA.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter judgment in favor of Plaintiffs and that this Court:

   a) Proceed as a collective action pursuant to 29 U.S.C.§ 216(b) and issue notice to all persons who have worked for Defendant as GS-1801 IOs and/or GS-312 IRSs at any time within the last three years, informing such persons of their rights to participate in this action;

   b) Declare that Plaintiffs shall receive overtime compensation pursuant to the FLSA for all hours worked in excess of eight (8) hours in a day or forty (40) hours per week;

   c) Declare that the Defendant has been and continues to be in violation of said provisions by failing to pay overtime compensation as required by the FLSA for hours worked in excess of eight (8) hours in a day or forty (40) hours per week;

   d) Order Defendant to account to Plaintiffs for all hours worked in excess of eight (8) hours in a day or forty (40) hours per week during any pay period within the relevant period of limitations;

   e) Award to Plaintiffs back pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours per week within the relevant period of limitations in amounts required by the FLSA;

   f) Award to Plaintiffs liquidated damages in an additional amount equal to back pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours per week within the relevant period of limitations;

g) Award to Plaintiffs such other compensation and benefits to which they may be entitled as a result of the unlawful practices and policies of Defendant;

h) Enjoin Defendant from failing to pay overtime compensation pursuant to the FLSA to Plaintiffs;

i) Award interest to Plaintiffs;

j) Award Plaintiffs their costs of suit;

k) Award Plaintiffs reasonable attorney's fees and expenses; and

l) Grant such other and further relief as this Court deems to be appropriate and just.

Respectfully submitted,

*/s/ Jacob Y. Statman*

Jacob Y. Statman, Esq.
Jason I. Weisbrot, Esq.
Snider & Associates, LLC
600 Reisterstown Road; 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9061
Email: jstatman@sniderlaw.com

Attorneys for Plaintiffs