IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TAMARA BERRY *ET AL*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 13-457C |
| ) | Judge C. Lettow |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S MOTION TO TRANSFER

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims defendant, the United States, respectfully requests that the Court transfer plaintiffs' complaint to the United Stated District Court for the District of Nebraska because this Court does not possess subject matter jurisdiction to entertain plaintiffs' complaint. Counsel for plaintiffs has indicated that plaintiffs oppose this request.

STATEMENT OF THE ISSUE

Whether this Court possesses jurisdiction to entertain plaintiffs' claims pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.,* because that Act imposes monetary liability and has its own judicial remedies and, thus, the Tucker Act, 28 U.S.C. § 1491, is displaced as a source of jurisdiction.

STATEMENT OF THE CASE

Plaintiffs are past or present employees of the United States Department of Homeland Security (DHS), and are currently or were previously employed as Immigration Officers (IOs) in the GS-1801 Series, or Intelligence Research Specialists (IRSs) in the GS-312 Series.[1]  Compl.

---

[1] These facts are taken from the allegations in the plaintiffs' complaint. Nothing in this motion, including but not limited to this recitation of the Statement of the Case, should be interpreted as an admission of any such allegations. If the Court were to deny this motion, we

"Parties" ¶ 2.  The complaint alleges that plaintiffs, and other similarly situated employees, were designated as non-exempt from the FLSA as of February 12, 2012.  Compl. "Parties" ¶ 4.  The complaint also alleges that there were no changes to the duties of their positions prior to or subsequent to this change in exemption status.  Compl. "Parties" ¶ 7.  The complaint alleges that plaintiffs and other similarly situated employees were not compensated at a rate of not less than one and one half times their regular rate for hours worked in excess of the hourly standards as mandated by the FLSA, and seek compensation under the FLSA for time spent in discharge of their job duties.  Compl. "Cause of Action" ¶¶ 11-15.  Plaintiffs filed their complaint on July 5, 2013, and assert that this Court has jurisdiction "pursuant to 29 U.S.C. § 201, *et. seq.*, 29 U.S.C. § 216, 28 U.S.C. § 1331 and 28 U.S.C. § 1337."  Compl. "Jurisdiction and Venue" ¶ 1.

## SUMMARY OF THE ARGUMENT

This Court does not possess jurisdiction to entertain plaintiffs' claims pursuant to the FLSA.  The Tucker Act, the only possible source of this Court's jurisdiction in this case, was created to provide a remedy when statutes impose monetary liability upon the United States but do not themselves provide remedies.  When a law imposing monetary liability contains its own judicial remedies, however, the Tucker Act does not apply.  *United States v. Bormes*, 133 S. Ct. 12 (2012), and cases cited therein.

The FLSA establishes liability, a cause of action, a measure of damages, and an applicable statute of limitations.  Moreover, it expressly authorizes judicial review.  Because the FLSA provides the accoutrements of a judicial action, the liability that Congress intended to create can be determined from only the text of the FLSA, and the Tucker Act is displaced.  As a result, this Court does not possess jurisdiction to entertain plaintiffs' claims.

---

reserve the right to contest each factual allegation in the complaint.  *See, e.g.*, *M. Snower & Co. v. United States*, 140 F.2d 367, 370 (7th Cir. 1944).

ARGUMENT

I.    Standard of Review

"Subject matter jurisdiction is a threshold matter that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (*citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1365 (Fed. Cir. 2007)). When deciding a motion to dismiss based upon lack of subject matter jurisdiction, "the allegations of the complaint must be construed favorably to the plaintiff." *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989). Nonetheless, plaintiff bears the burden of establishing jurisdiction. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (*citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983)).

The United States is immune from suit unless it has specifically waived sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed" and "consent to be sued must be construed strictly in favor of the sovereign and not enlarge[d] . . . beyond what the language requires." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992) (citations and internal quotation marks omitted). A waiver of sovereign immunity cannot be implied but must be "unequivocally expressed." *INS v. St. Cyr*, 533 U.S. 289, 299 n. 10 (2001).

II.   This Court Does Not Possess Jurisdiction To Entertain Plaintiffs' FLSA Claims

In the present action, plaintiffs cite two statutes in support of their assertion that this

Court has jurisdiction over this case – 28 U.S.C. § 1331, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 1337, which grants district courts jurisdiction over any action arising under a federal law "regulating commerce or protecting trade and commerce against restraints and monopolies." Neither statute confers subject matter jurisdiction over plaintiffs' claims upon this Court. This Court has expressly held in the past that "[p]laintiff erred when claiming federal question jurisdiction, pursuant to 28 U.S.C. § 1331, grants this court jurisdiction. The Court of Federal Claims does not possess federal question jurisdiction." *Hernandez v. United States*, 38 Fed. Cl. 532, 537 (Fed. Cl. 1997). The Court has also held that antitrust claims governed by 28 U.S.C. § 1337 "are outside this Court's purview and, therefore, this Court lacks jurisdiction to hear any matter under [that statute]." *Wade v. United States*, 08-385C, 2008 WL 4056331 (Fed. Cl. Aug. 6, 2008), *aff'd*, 321 F. App'x 940 (Fed. Cir. 2008). Accordingly, neither 28 U.S.C. § 1331 nor 28 U.S.C. § 1337 confer jurisdiction over plaintiffs' claims upon this Court.

Nor is there any other federal statute that confers jurisdiction upon this Court to entertain plaintiffs' complaint. Like its predecessor, the United States Court of Claims, this is a Court of limited jurisdiction. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1975). The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491. *United States v. Testan*, 424 U.S. at 397; *Aetna Casualty & Surety Co. v. United States*, 228 Ct. Cl. 146, 151, 655 F.2d 1047, 1051 (1981). In *United States v. Bormes*, 133 S. Ct. 12 (2012), however, the Court confirms that, when a statute imposing monetary liability against the United States contains its own self-executing remedial scheme, the Tucker Act does not apply. Because the FLSA satisfies these criteria, this Court does not possess jurisdiction to

entertain plaintiffs' claims.[2]

The United States Court of Claims was established pursuant to the Act of 1855 in order to provide a judicial forum for certain monetary claims against the United States for which there were no other avenues of judicial enforcement. *See* Act of Feb. 24, 1855 (1855 Act), ch. 122, § 1, 10 Stat. 612 (1855). It was created, in other words, to fill a gap. It was not designed to replace or to provide an alternative to an avenue of judicial enforcement provided in another statute.

Like its predecessors (the Act of 1855 and its successors), the Tucker Act, 28 U.S.C. § 1491, establishes jurisdiction in this Court for actions against the United States for certain monetary claims not otherwise judicially enforceable. The Tucker Act's jurisdictional grant, and accompanying immunity waiver, supplied the missing ingredient for an action against the United States for the breach of certain monetary obligations not otherwise judicially enforceable. *Bormes,* 133 S. Ct. at 18. The Tucker Act does not replace or provide an alternative to a judicial remedy established in another statute. When a law imposing monetary liability on the United States contains its own judicial remedies, the Tucker Act is inapplicable. *Id.*

*Bormes* was a putative class action against the United States premised upon the Fair Credit Reporting Act (FCRA). Plaintiff sued in the district court for damages under 15 U.S.C. § 1681n(a), and invoked the court's jurisdiction under the jurisdiction provision for FCRA actions, 15 U.S.C. § 1681p, as well as the Little Tucker Act, 28 U.S.C. § 1346(a)(2). The district court dismissed for failure to state a claim, holding that the FCRA did not contain a waiver of sovereign immunity. The Little Tucker Act was not addressed.

Plaintiff appealed to the United States Court of Appeals for the Federal Circuit based

---

[2] In *Abbey v. United States*, Fed Cir. No. 2013-5009, the unavailability of Tucker Act jurisdiction in FLSA cases has been raised, along with other issues, before the Court of Appeals for the Federal Circuit.

5

upon that court's jurisdiction under 28 U.S.C. § 1295(a)(2) over appeals from cases in which jurisdiction was based in whole or in part upon the Little Tucker Act.  The Government requested to transfer the appeal to the Seventh Circuit, because the Little Tucker Act's jurisdictional grant did not apply to the case.  The court of appeals denied the transfer motion and vacated the district court's decision, holding that the Little Tucker Act provided the Government's consent to suit for violation of the FCRA.  The court of appeals reasoned that, because the FCRA could "'fairly be interpreted as mandating compensation by the Federal Government for the damage sustained,'" it fell within the waiver of sovereign immunity contained in the Little Tucker Act.  *Bormes v. United States*, 626 F.3d 574, 578 (Fed. Cir. 2010) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)).

The Supreme Court vacated the Federal Circuit's decision.  The Court reviewed the history and purpose of the Tucker Act and Little Tucker Act and concluded that the Tucker Act's jurisdictional grant and accompanying immunity waiver were enacted to supply the missing ingredient for an action against the United States for the breach of certain monetary obligations not otherwise judicially enforceable.  The Court further explained:

> The Tucker Act is displaced, however, when a law assertedly imposing monetary liability on the United States contains its own judicial remedies.  In that event, the specific remedial scheme establishes the exclusive framework for the liability Congress created under the statute.  Because a precisely drawn, detailed statute pre-empts more general remedies, FCRA's self-executing remedial scheme supersedes the gap-filling role of the Tucker Act.

*Bormes,* 133 S. Ct. at 18 (internal quotation marks and citations omitted).

The Court then applied this principle to the case before it:

> FCRA creates a detailed remedial scheme.  Its provisions set out a carefully circumscribed, time-limited, plaintiff-specific cause of action, and also precisely define the appropriate forum.  It authorizes aggrieved consumers to hold 'any person' who willfully or negligent[ly] fails to comply with the Act's requirements liable

> for specified damages.  Claims to enforce liability must be brought within a specified limitations period,    § 1681p, and jurisdiction will lie in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction.  Without resort to the Tucker Act, FCRA enables claimants to pursue in court the monetary relief contemplated by the statute.

*Id*. at 19 (internal quotation marks and citations omitted).

This case involves claims based upon the FLSA, not the FCRA.  Like the FCRA, the FLSA establishes a detailed remedial scheme.  Both the FCRA and the FLSA authorize liability for specific monetary damages.  The FCRA authorizes aggrieved consumers to hold "any person" liable for specified damages, 15 U.S.C. § 1681n.  Similarly, the FLSA provides for employees to hold "[a]ny employer" liable for unpaid wages, minimum wage, or overtime wages due to the employee.  29 U.S.C. § 216(b).

Both statutes limit the period during which a suit may be brought.  The FCRA requires that claims to enforce liability must be brought within two years of plaintiffs' discovery of the violation or five years of the date of the violation, 15 U.S.C. § 1681p.  The FLSA requires that claims to enforce liability must be brought within two years, except if the violation is willful, in which case the claim must be brought within three years.  29 U.S.C. § 255(a).  Both statutes also provide for the payment of attorney fees.  15 U.S.C. § 1681n(a)(3); 29 U.S.C. § 216(b).

Finally, both statutes explicitly authorize a judicial avenue of review.  The FCRA provides that suit may be brought in "in any appropriate district court . . . or in any other court of competent jurisdiction."  15 U.S.C. § 1681p.  The FLSA provides that suit may be brought "in any Federal or State court of competent jurisdiction."  29 U.S.C. § 216(b).

Thus, like the FCRA, the FLSA imposes monetary liability and contains its own judicial remedies.  The reasoning in *Bormes* dictates, therefore, that there is no "gap" for the Tucker Act to fill and that the Tucker Act is unavailable as a source of jurisdiction for FLSA suits.

7

The Federal Circuit and other circuit courts of appeal have long permitted FLSA suits to be brought against the United States, primarily in this Court, pursuant to the Tucker Act. *See Saraco v. United States*, 61 F.3d 863, 865-66 (Fed. Cir. 1995); *Parker v. King*, 935 F.2d 1174, 1177-78 (11th Cir. 1991); *Zumerling v. Devine*, 769 F.2d 745, 748-49 (Fed. Cir. 1985); *Graham v. Henegar*, 640 F.2d 732, 733-36 (5th Cir. 1981). In *Zumerling*, the court explained:

> 29 U.S.C. § 216(b) authorizes Fair Labor Standards Act suits in any Federal or state court of competent jurisdiction, but the words "of competent jurisdiction" tell us that the words do not stand alone but require one to look elsewhere to find out what court, if any, has jurisdiction. *Zumerling*, 769 F.2d at 749 (internal quotation marks and citations omitted). *See also Saraco,* 61 F.3d at 865.

Although the jurisdictional provision of the FLSA, unlike the FCRA, does not specifically name the district court or any other particular court as the appropriate forum for suits, it nevertheless defines a "self-executing remedial scheme" that provides a complete remedy "[w]ithout resort to the Tucker Act." *Bormes*, 133 S. Ct. at 18-19.

The cause of action that the FLSA creates against employer defendants, both governmental and non-governmental, fits naturally within district courts' general Federal-question jurisdiction under 28 U.S.C. § 1331. The cause of action is, thus, fully available irrespective of the existence of the Tucker Act, and the Tucker Act is accordingly displaced. Because the Tucker Act is not available as a source of jurisdiction for plaintiffs' complaint, this Court does not possess jurisdiction to entertain plaintiffs' claims.

III.     Transfer

Pursuant to 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court *shall,* if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." *See Jan's Helicopter Serv. v. FAA,* 525 F.3d 1299, 1303-04

(Fed.Cir.2008); *Rodriguez v. United States,* 862 F.2d 1558, 1559-60 (Fed. Cir. 1988).   At the time it was filed, plaintiffs' complaint could have been brought in the United States District Court for the District of Nebraska, where a majority of the named plaintiffs in this action reside. Accordingly, we respectfully request that the Court transfer plaintiffs' complaint to that court.

## CONCLUSION

For these reasons, we respectfully request the Court to determine that it does not possess jurisdiction to entertain plaintiffs' complaint and to transfer it to the district court.

> Respectfully submitted,
>
> STUART F. DELERY
> Assistant Attorney General
>
> JEANNE E. DAVIDSON
> Director
>
> s/ Reginald T. Blades, Jr.
> REGINALD T. BLADES, JR.
> Assistant Director
>
> s/ Martin M. Tomlinson
> MARTIN M. TOMLINSON
> Trial Attorney
> Commercial Litigation Branch
> Civil Division
> Department of Justice
> 1100 L Street, N. W.
> Washington, D.C.  20530
> Telephone:  (202) 307-0252
> Facsimile:  (202) 514-8624

September 5, 2013            Attorneys for Defendant