IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TAMARA BERRY *ET AL*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 13-457C |
| | ) | Judge C. Lettow |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S  REPLY TO PLAINTIFFS'
RESPONSE TO DEFENDANT'S MOTION TO TRANSFER

Pursuant to Rule 7.2(b)(2) of the Rules of the United States Court of Federal Claims,

defendant, the United States, respectfully submits this reply in response to Plaintiffs' Response

in Opposition to Defendant's Motion to Transfer (Pls.' Resp.) (Docket # 6), filed with this Court

on October 2, 2013, and in support of the Government's motion (Docket # 5), filed with this

Court on September 5, 2013, to transfer this action to the United States District Court for the

District of Nebraska.

In our motion to transfer, we demonstrated that this action should be transferred pursuant

to 28 U.S.C. § 1631, because the Fair Labor Standards Act (FLSA) contains its own judicially

enforceable remedial scheme and therefore, as required by the Supreme Court's recent decision

in *United States v. Bormes*, 133 S. Ct. 12 (2012), displaces any Tucker Act remedy for alleged

FLSA violations.  For this reason, our motion to transfer should be granted.

ARGUMENT

I.     *Bormes* Establishes That The Tucker Act Does Not Apply To Claims Brought Under A
       Statute Providing Its Own Judicial Remedies

       A.     The Supreme Court's Language And Reasoning In *Bormes* Indicate That A
              Statute Containing Its Own Remedial Scheme Displaces The Tucker Act Entirely

       Plaintiffs argue that *Bormes* held that the Tucker Act concerns only sovereign immunity,

and that it does not extend to situations when a statute creates a comprehensive remedial scheme

but provides for the application of the Tucker Act to confer jurisdiction upon this Court, which is

how plaintiffs interpret the relevant jurisdictional provision of the FLSA.  Plaintiffs misconstrue

the scope of the holding in *Bormes*.  Although the district court dismissed upon finding no

waiver of sovereign immunity, the question before the Supreme Court was whether the Tucker

Act applies *at all* to claims brought pursuant to a statute including its own remedial scheme.  The

Supreme Court did not consider whether the Fair Credit Reporting Act contains a waiver of

sovereign immunity, and remanded that issue to the Seventh Circuit.

Contrary to plaintiffs' assertion that *Bormes* does not affect the scope of this Court's

jurisdiction compared to the United States district courts, the holding in *Bormes* instructs that the

Tucker Act does not apply when a statute provides its own remedial scheme.  The central issue

before this Court is whether the FLSA — like the FCRA in *Bormes* — displaces the Tucker Act

as a source for establishing subject-matter jurisdiction.  *Bormes* does not hold that a statute

providing its own judicial remedies displaces only the Tucker Act immunity waiver; it holds that

such a statute displaces the Tucker Act altogether.

It is true that, as the Court of Federal Claims recently ruled in *King v. United States*, a

"specific issue decided in *Bormes* was that the Tucker Act could not replace [the Fair Credit

Reporting Act's (FCRA's)] 'detailed remedial scheme' to provide, in the first instance, a waiver

of sovereign immunity by the federal government."  *King v. United States*, 112 Fed. Cl. 396, 399

(2013) (quoting *Bormes*, 133 S. Ct. at 15).  To suggest, however, that *Bormes* does not address

the applicability of the Tucker Act beyond its waiver of sovereign immunity is to ignore the

reasoning of the Supreme Court's holding.

To determine whether the Tucker Act waives the sovereign immunity of the United States

with respect to claims brought under the FCRA, the Supreme Court in *Bormes* found it necessary

to answer a predicate question: "whether a damages claim under FCRA 'falls within the terms of the Tucker Act.'" *Bormes*, 133 S. Ct. at 17 (quoting *United States v. Mitchell*, 463 U.S. 206, 216 (1983)).  The Court answered that question in the negative, holding that "[t]he Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies." *Id.* at 18.  Because the FCRA "enables claimants to pursue in court the monetary relief contemplated by the statute" and "[w]ithout resort to the Tucker Act," the Tucker Act's remedial provisions, including its sovereign immunity waiver and jurisdictional grant, cannot be "mix[ed] and match[ed]" with those of the FCRA.  *Id.* at 19.

The Supreme Court did not decide only that the Tucker Act cannot provide a waiver of sovereign immunity for claims brought under statutes like the FCRA; it decided that such claims do not "fall[] within the terms of the Tucker Act" at all.  *Bormes*, 133 S. Ct. at 17 (internal quotation marks and citation omitted).  That approach followed, in the Supreme Court's analysis, from the history and purpose of the Tucker Act.  As the Supreme Court explained, the Tucker Act is meant to fill a very specific "gap": it permits claimants to vindicate substantive rights created by statutes that "impose monetary obligations on the United States without specifying a means of judicial enforcement."  *Id.*  Its applicability is "confined to [that] gap-filling role"; "'the general laws which govern the Court of Claims may be resorted to for relief'" only when "'[n]o special remedy has been provided'" to permit the enforcement of a given substantive right.  *Id.* at 18 (quoting *United States v. Kaufman*, 96 U.S. 567, 569 (1878)).

Given these emphatic statements about the limited role of the Tucker Act, the Supreme Court's conclusion that claims brought under a statute containing its own remedial scheme do not "fall[] within the terms of the Tucker Act," *Bormes*, 133 S. Ct. at 17 (internal quotation marks and citation omitted), should not be read to mean that the Tucker Act may apply to those claims after all, just not with respect to the question of sovereign immunity, or when a Tucker Act

provision specifically conflicts with a corresponding provision of the FCRA. *See King*, 112 Fed.

Cl. at 400-01 & n.6. Therefore, with all due respect, the Court's conclusion in *King* is incorrect.

Indeed, the Supreme Court specifically rejected the notion that provisions of the Tucker

Act might be applied to FCRA claims so long as those provisions were consistent with the

substance of the FCRA. Confronted with various provisions of the FCRA's remedial scheme

that were arguably irreconcilable with provisions of the Tucker Act, the Court concluded that it

need not "resolve the parties' disagreement about whether [such] inconsistencies between" the

two statutes "can be reconciled" because, "[r]econcilable or not, FCRA governs." *Bormes*, 133

S. Ct. at 19 n.5. In other words, the Tucker Act's provisions are simply inapplicable to FCRA

claims, regardless of whether the terms of the FCRA conflict with those provisions. *Cf. King*,

112 Fed. Cl. at 400 (concluding that the Tucker Act's jurisdictional provision may be applied to

FLSA claims because "the terms of the FLSA itself do not limit jurisdiction to the federal district

courts or [otherwise] bar this court's ability to hear FLSA claims against the federal

government").

In its opinion, the Supreme Court explained that the Government opposed jurisdiction

over the case in the Federal Circuit on the ground that "the Little Tucker Act's jurisdictional

grant d[oes] not apply to respondent's suit." *Bormes*, 133 S. Ct. at 16. After ruling in the

Government's favor on the jurisdictional question presented by the case, the Supreme Court then,

without further explanation, ordered that the case be "remanded with instructions to transfer the

case to the United States Court of Appeals for the Seventh Circuit for further proceedings." *Id.*

at 20. That decision to transfer the case as the Government requested indicates that the Supreme

Court agreed with the Government's position — that Bormes's claim fell outside "the Little

Tucker Act's jurisdictional grant." *Id.* at 16. Thus, the Supreme Court understood its own ruling

to mean that the FCRA displaces the Little Tucker Act for *all* purposes – not only with respect to

the waiver of sovereign immunity, but also with respect to the grant of subject-matter

jurisdiction.

In sum, the holding in *Bormes* does not limit only the availability of the Tucker Act's

immunity waiver; it forecloses any application of the Tucker Act to claims brought against the

Government pursuant to a statute providing its own judicial remedies.

II.     Because The FLSA Provides Its Own Judicial Remedies, The Tucker Act Is Inapplicable
        To FLSA Claims

Under the test established in *Bormes*, the FLSA displaces any Tucker Act remedy for

violations of its provisions.  In *Bormes*, the Supreme Court held that the FCRA displaces the

Tucker Act because the FCRA "enables claimants to pursue in court the monetary relief

contemplated by the statute" "[w]ithout resort to the Tucker Act."  133 S. Ct. at 19.  The FCRA

enables such a pursuit of monetary relief by means of a "detailed remedial scheme" that includes

"'a carefully circumscribed, time-limited, plaintiff-specific' cause of action," a "'precisely

define[d] . . . forum,'" a clear standard for liability, and a limitations period.  *Id.* (quoting *Hinck*

*v. United States*, 550 U.S. 501, 507 (2007)).

The FLSA establishes a remedial scheme containing exactly the same elements.  In

*Horne v. Department of Agriculture*, 133 S. Ct. 2053, 2062-63 (2013), the Supreme Court

emphasized the well-established proposition that this Court, in determining whether it has

jurisdiction to hear cases pursuant to a particular statute, considers "the purpose of the [statute],

the entirety of its text, and the structure of review that it establishes."  *Id.* (citations and quotation

marks omitted).  Conducting such a review reveals that the FLSA, like the FCRA, provides that

employees may seek money damages for violations of the statute in court.  29 U.S.C. § 216(b).

It precisely defines the characteristics of individuals and entities who may sue and be sued under

its terms.  *Id.* § 203.  It establishes a standard for liability, describing the types of behavior that

may result in damages awards.  *Id.* §§ 206, 207, 215, 216.  It identifies the types of relief that

may be afforded, depending on the nature of the statutory violation, and allows for award of

attorney's fees and costs.  *Id.* § 216(b).  It specifies a limitations period and the judicial fora in

which claims may be filed: "any Federal or State court of competent jurisdiction."  *Id.*  Plaintiff

employees may therefore obtain judicial review "without resort to the Tucker Act."  *See Bormes*,

133 S.Ct. at 19.

This extensive remedial scheme satisfies the standard set forth in *Bormes* for

displacement of the Tucker Act.  Plaintiffs nevertheless suggest that the FLSA fails to do so

because it does not specifically define district courts as the appropriate fora for determination of

claims.  *See* Pls.' Resp. at 4.  Plaintiffs make no attempt to explain why the FLSA's failure to

name a particular court is relevant under *Bormes*.  *Bormes* holds that a statute creating

substantive rights displaces the Tucker Act remedy if that statute "enables claimants to pursue in

court the monetary relief contemplated by the statute."  133 S. Ct. at 19.  There can be no dispute

that the FLSA allows claimants to do precisely that.  Indeed, although the FLSA does not use the

words "district courts," the Supreme Court has recognized that "[t]here is no question that"

FLSA plaintiffs may bring their claims in district court.  *Breuer v. Jim's Concrete of Brevard,*

*Inc.*, 538 U.S. 691, 694 (2003).  Plaintiffs have pointed to no meaningful distinction between the

remedial scheme of FCRA and that of the FLSA for the purpose of determining whether the

Tucker Act is displaced.

In short, there can be no dispute that district courts possess jurisdiction to hear FLSA

claims.  That jurisdiction is not lost when the employer/defendant is the Government.  Because

FLSA claims can be heard in district court, without resort to the Tucker Act, the Tucker Act does

not apply.  *See Bormes*, 133 S. Ct. at 19.

III.     Federal Circuit Precedent Concerning The Court of Federal Claims' Jurisdiction To
         Entertain FLSA Claims Is No Longer Binding In Light Of *Bormes*

         As plaintiffs point out, *see* Pls.' Resp. at 4-6, the Federal Circuit has held as recently as

1999 that the Court of Federal Claims possesses jurisdiction to entertain FLSA claims against the

Government.  *See El-Sheikh*, 177 F.3d 1321, 1323-24 (Fed. Cir. 1999); *Saraco v. United States*,

61 F.3d 863, 866 (Fed. Cir. 1995); *Zumerling v. Devine*, 769 F.2d 745, 749 (Fed. Cir. 1985); *cf.*

*Brooks v. Weinberger*, 637 F. Supp. 22 (D.D.C. 1986) (District Court for the District of

Columbia holding that the predecessor to the Court of Federal Claims had jurisdiction to

entertain FLSA claims against the Government).  In none of those cases, however, did the court

of appeals engage in the inquiry made essential by *Bormes*: whether the FLSA provides its own

judicial remedies, such that recourse to the Tucker Act is foreclosed.  Because none of these

cases performs the analysis required by *Bormes*, none is binding on this Court.  *Texas Am. Oil*

*Corp. v. U.S. Dep't of Energy*, 44 F.3d 1557, 1561 (Fed. Cir. 1995) (Federal Circuit precedent is

not binding if it has been "overruled by . . . controlling authority such as intervening statutory

change or Supreme Court decision").  Plaintiffs' reliance on authorities from other jurisdictions

is entitled to little weight and such authorities are similarly overruled by *Bormes*.  Pls.' Resp. at

6.

IV.     The District Courts Possess Jurisdiction To Entertain FLSA Claims Against The
        United States

        Even under plaintiffs' narrow reading of *Bormes*, there can be little doubt that the FLSA,

not the Tucker Act, waives the Government's sovereign immunity.  *See, e.g.*, *King*, 112 Fed. Cl.

at 399 (locating the waiver of sovereign immunity for FLSA claims in the FLSA itself, not the

Tucker Act).  Because the FLSA itself provides a waiver, sovereign immunity does not prevent

district courts from entertaining FLSA claims against the United States.  The subject matter of

FLSA claims unquestionably falls within the scope of 28 U.S.C. § 1331, which confers upon the

district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States."  Because the FLSA displaces the Tucker Act, the district courts are

the *only* Federal courts that may entertain FLSA claims.  Consequently, this case should be

transferred to district court.

CONCLUSION

For these reasons, we respectfully request that the Court grant our motion and order this

case to be transferred to the United States District Court for the District of Nebraska.


Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

BRYANT G. SNEE
Acting Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/ Martin M. Tomlinson
MARTIN M. TOMLINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N. W.
Washington, D.C.  20530
Telephone:  (202) 307-0252
Facsimile:  (202) 514-8624


October 31, 2013                           Attorneys for Defendant