# In the United States Court of Federal Claims

No. 13-457C
(Filed: May 28, 2014)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | |
| TAMARA BARRY, *et al.*, | * | FLSA; 29 U.S.C. § 216(b); |
| | * | Collective Action; Conditional |
| Plaintiffs, | * | Certification; Class Definition; |
| | * | Class Notice; Statute of Limitations |
| v. | * | |
| | * | |
| THE UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * * * * * | | |

*Jacob Yaakov Statman*, Snider and Associates, LLC, Baltimore, MD, for plaintiffs

*Martin Mason Tomlinson*, Civil Division, United States Department of Justice, Washington, DC, for defendant

## OPINION AND ORDER

**KAPLAN, Judge:**

Plaintiffs are current and former GS-1801 Immigration Officers (IOs) and GS-0132 Intelligence Research Specialists (IRSs) with the United States Department of Homeland Security (DHS), United States Citizenship and Immigration Services (USCIS) Office of Fraud Detection and National Security.  Until February 12, 2012, USCIS designated plaintiffs' positions as exempt[1] from the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, as amended by the Portal-to-Portal Act, 29 U.S.C. §§ 251-262.  In this suit, they seek backpay and liquidated damages under § 216(b) for the hours they worked in excess of forty per week during the time that they were designated as FLSA exempt, prior to February 12,

---

[1] The FLSA exempts from overtime pay requirements, among others, "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).

2012.[2] Plaintiffs also allege that the USCIS willfully violated the FLSA in designating them as exempt, thus extending the statute of limitations under § 255(a)[3] from two years to three years.

Currently pending before the court is the plaintiffs' motion for conditional certification of a collective action under § 216(b) of the FLSA and for authorization to mail notice to potential class members. The government opposes the motion for conditional certification, primarily on the ground that, because the government no longer disputes plaintiffs' non-exempt status, no common issues of law or fact unite the proposed class, and only individualized inquiries remain for adjudication. The government also finds fault with plaintiffs' proposed class definition and class notice. For the reasons that follow, the Court grants plaintiffs' motion for conditional class certification, adopts a modified class definition that addresses the government's concerns, and approves the notice attached to this Opinion for distribution to potential class members.

DISCUSSION

I. LEGAL STANDARDS FOR CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE ACTION

A collective action under the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). To participate in the collective action, plaintiffs must "opt in"— that is, they must give "consent in writing[,] . . . and such consent is filed in the court in which such action is brought." Id.

This court has adopted a two-step approach for determining whether certification of a collective action is appropriate. Whalen v. United States, 85 Fed. Cl. 380, 383 (2009). This approach "involves a preliminary determination of whether the plaintiffs were subject to a common employment policy or plan, and then, after discovery, an opportunity for the defendant to decertify the collective action on the ground that the plaintiffs are not in fact similarly situated." Id. (citing Cameron-Grant v. Maxim Healthcare Servs., 347 F.3d 1240, 1243 n.2 (11th Cir. 2003) and Heckler v. DK Funding, 502 F. Supp. 2d 777, 779 (N.D. Ill. 2007)). The first step, which plaintiffs ask the Court to undertake here, is known as conditional certification, and it facilitates the opt-in process by requiring the defendant to produce the names and addresses of employees in the proposed class and by settling the form of the notice to be distributed to the class. Whalen, 85 Fed. Cl. at 383.

Plaintiffs' burden at the conditional certification stage is low. Specifically, plaintiffs need only "make a 'modest factual showing,'" based on "the pleadings, affidavits, and other

---

[2] Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

[3] Section 255(a) provides that "[a]ny action . . . for . . . unpaid overtime compensation . . . under the Fair Labor Standards Act . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."

2

available evidence," that potential class members are "similarly situated." Gayle v. United States, 85 Fed. Cl. 72, 77 (2008) (citing Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) and Cuzco v. Orion Builders, Inc., 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007)). The Supreme Court has indicated that potential class members are similarly situated if they share "common issues of law and fact arising from the same alleged [prohibited] activity." Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).

## II. APPLICATION OF THE STANDARDS FOR CONDITIONAL CERTIFICATION

Plaintiffs have made the required "modest showing" that the proposed class members are similarly situated. Thus, the proposed class members occupy the same positions in the same specific job series under the General Schedule. In addition, as the government has conceded, all proposed class members were previously misclassified as FLSA-exempt employees, presumably on the same basis. The government's argument that this concession eliminates any common questions of law or fact among the class members, Def.'s Resp. 6-7, is meritless. Notwithstanding the government's concession that it previously misclassified the plaintiffs' positions as FLSA exempt, there remain two significant questions common to the class: (1) whether the government must pay class members liquidated damages (which can be avoided only if the government proves that it previously designated these employees as FLSA exempt in good faith and with reasonable grounds for believing that such designation was consistent with the FLSA (29 U.S.C. § 260)); and (2) whether the government willfully violated the FLSA so that a three-year (rather than two-year) statute of limitations applies.

Nor is there any merit to the government's argument that individualized questions regarding how much compensation each employee is due overwhelm any common questions, thus defeating the purpose of a collective action to "yield a more efficient or affordable resolution" of employees' claims. See Def.'s Resp. at 9. Individualized damages determinations must be made in virtually every FLSA case involving multiple plaintiffs; if the existence of individual questions regarding the amount of damages due could defeat certification of a collective action, section 216(b)'s provision for collective actions would be rendered null. Indeed, even in the Rule 23(b)(3) class action context, in which standards for certification are much more stringent, individualized issues of damages do not preclude class certification as long as "the damages sought are the result of the class-wide injury that the suit alleges." Gomez v. Tyson Foods, Inc., 295 F.R.D. 397, 402 (D. Neb. 2013) (quoting Butler v. Sears, Roebuck & Co., 727 F.3d 796, 799 (7th Cir. 2013)); see also Thompson v. Bruister & Assocs., 967 F. Supp. 2d 1204, 1217-18 (M.D. Tenn. 2013); Espinoza v. 953 Assocs. LLC, 280 F.R.D. 113, 130 (S.D.N.Y. 2011). Here, while damages among class members may vary in amount because some members worked more overtime than others, all damages claimed are the result of the class-wide misclassification of employees as exempt from FLSA requirements.

## III. THE DEFINITION OF THE CLASS

The plaintiffs have submitted the following proposed definition of the conditional class:

All past or present employees of Defendant from February 12, 2009 until the present (the "Claims Period") who: (1) at any time during the Claims Period

worked within the United States; (2) encumbered at any time during the Claims Period a GS-1801 Immigration Officer ("IO") or GS-0132 Intelligence Research Specialist ("IRS") position within the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services Office of Fraud Detection and National Security; and (3) had their FLSA exemption status converted from exempt to non-exempt.

Joint Submission 1, ECF No. 25.

The government's first objection to this definition is based on the fact that "it encompasses employees who did not work in the same regional offices under the same timekeeping and compensation procedures as the named plaintiffs." Joint Submission 2; see also Def.'s Resp. 12-13. The government observes that the plaintiffs "have not identified any common method or plan for timekeeping regarding hours worked, or any common methodology for providing compensation to IOs and IRSs who worked more than 40 hours per week in the relevant time period." Def.'s Resp. 12-13.

This objection is clearly without merit. The government does not deny that employees in the designated positions were subject to a nationwide policy under which they were not compensated at FLSA-required overtime rates because their positions had been, on a nationwide basis, designated FLSA exempt. Variations in the methods of timekeeping or of assigning overtime work from region to region or supervisor to supervisor have no apparent bearing on the adjudication of the liability issues that are common to the proposed nationwide class, which are based on that nationwide policy.

The cases cited by the government in support of this objection, Def.'s Resp. 13, are easily distinguishable from this one. In those cases, certification was denied because the plaintiffs failed to provide any evidence of the existence of a nationwide policy that affected all members of the class. See Gayle, 85 Fed. Cl. at 78-79 (conditional class certification denied because plaintiffs failed to provide any evidence of a nationwide policy of denying overtime compensation to per diem nurses at the VA); Briggs v. United States, 54 Fed. Cl. 205, 206-07 (2002) (no conditional class certification based on claim that Census employees in a number of locations had been denied FLSA overtime pay where there was no allegation of a common management practice or policy that served as the basis for the denial of such pay). By contrast, in this case, the government does not deny that the decision to exempt these employees' positions from the FLSA was based on a nationwide policy.

In addition to its objection to the nationwide scope of the proposed conditional class, the government objects to the use of February 12, 2009 as the beginning date for the claims period because use of that date would encompass potential opt-in plaintiffs who are barred from participating by the statute of limitations. Def.'s Resp. 14-15. It notes that the statute of limitations for FLSA claims is three years at most (29 U.S.C. § 255(a)) and suggests that "the form of notice be addressed to only those employees employed by the agency 'within three years of the date of th[is] notice.'" Def.'s Resp. 15 (quoting Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369, 373 (E.D.N.Y. 2008)).

4

The government's point is well taken.  The class definition should be limited to those whose claims are not barred by the statute of limitations, which is at most three years.  In that regard, the Court is not persuaded by the plaintiffs' reliance on a regulation issued by the Office of Personnel Management (OPM) (5 C.F.R. § 551.702) which governs the pursuit of FLSA claims through an OPM-administered claims procedure.  See Pls.' Reply 4.  Plaintiffs note that the government has acknowledged that it had already received fifty-seven such administrative claims for backpay under the FLSA before this suit was filed and contend that—as to these individuals—the OPM regulation requires that the three-year look-back period begin from the date that the administrative claims were filed.  Id. (citing 5 C.F.R. § 551.702(c) (providing that a claimant "may preserve the claim period" for OPM's administrative procedure "by submitting a written claim either to the agency employing the claimant during the claim period or to OPM")).

Of course, an agency regulation cannot extend or alter the statute of limitations for actions brought in court that is set forth in the FLSA, and the OPM regulations do not purport to do so.  In fact, the regulations themselves explicitly state that "[f]iling a claim with an agency or with OPM does not satisfy the statute of limitations governing FLSA claims filed in court."  5 C.F.R. § 551.703(c).  Plaintiffs' reliance on the OPM regulation is, accordingly, unavailing; any individuals with pending administrative claims who choose to opt into this lawsuit will be entitled to recover in this Court for, at most, a claims period that begins three years before they opt into the case.

Accordingly, the Court adopts the following as the definition of the conditional class:

All past or present employees of Defendant from three years prior to the date of the current notice until the present (the "Claims Period") who: (1) at any time during the Claims Period worked within the United States; (2) encumbered at any time during the Claims Period a GS-1801 Immigration Officer ("IO") or GS-0132 Intelligence Research Specialist ("IRS") position within the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services office of Fraud Detection and National Security; and (3) had their FLSA exemption status converted from exempt to non-exempt.

### IV.     THE NOTICE

The plaintiffs and the government have worked together to prepare a Notice regarding the rights of potential plaintiffs to opt into this lawsuit.  There remain two areas of disagreement between the parties.  First, the government objects to including on the first page of the Notice at the top of the page a bolded, capitalized caption stating that "THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES COURT OF FEDERAL CLAIMS."  See Def.'s Resp. 15-16.  It contends that the placement and form of this sentence improperly imply court endorsement and encouragement of plaintiffs to opt into the suit.  Id.  The government has submitted an alternative sample notice in which this caption appears on the last page of the Notice and is followed by a sentence stating that "THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF EITHER PLAINTIFF'S CLAIMS OR DEFENDANT'S DEFENSES."  Def.'s Resp. Attach. A.  Plaintiffs prefer that the caption appear on the first page "so that any potential class member immediately

recognizes that the Court has authorized the mailing and not be under the false impression that the letter is junk mail or should be summarily thrown away." Pls.' Reply 5.

The plaintiffs' point is well taken. The Court concludes that the caption as written and in the context of the entire notice does not imply any court endorsement of the lawsuit itself. In fact, the proposed notice contains a sentence on page one that explicitly states that "no rulings on the merits of this case have been made." Joint Submission Ex. 1.

The second point of contention concerns a statement on page four of the proposed Notice which states that federal law prohibits retaliation for taking part in this lawsuit or exercising their rights under the FLSA and advises persons who believe that they have suffered such retaliation to contact counsel for the plaintiffs. The government objects to the sentence advising individuals to contact plaintiffs' counsel on the grounds that it "direct[s] individuals not necessarily related to plaintiffs' claims to plaintiffs' counsel." Def.'s Resp. 18. The Court agrees with the government on this point: it is sufficient to advise recipients of the Notice of their right to be free of retaliation, without explicitly directing them to plaintiffs' counsel for assistance.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion for conditional certification of a collective action is **GRANTED**, and the Notice set forth in Attachment A to this opinion is approved for distribution.

**IT IS SO ORDERED.**

s/Elaine D. Kaplan
ELAINE D. KAPLAN
Judge

6

ATTACHMENT A

# LEGAL NOTICE

THIS NOTICE MAY AFFECT YOUR RIGHTS;

PLEASE READ CAREFULLY

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES COURT OF FEDERAL CLAIMS.**

**TO: ALL PAST OR PRESENT EMPLOYEES OF DEFENDANT FROM THREE YEARS PRIOR TO THE DATE OF THIS NOTICE UNTIL THE PRESENT WHO ENCUMBERED AT ANY TIME A GS-1801 IMMIGRATION OFFICER ("IO") OR GS-0132 INTELLIGENCE RESEARCH SPECIALIST ("IRS") POSITION WITHIN THE U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CITIZENSHIP AND IMMIGRATION SERVICES OFFICE OF FRAUD DETECTION AND NATIONAL SECURITY AND HAD THEIR FLSA EXEMPTION STATUS CONVERTED FROM EXEMPT TO NON-EXEMPT**

The purpose of this notice is to inform you of the existence of a collective-action lawsuit in which you are potentially eligible to participate because you may be similarly situated to the Plaintiffs that originally brought the lawsuit. This notice is also intended to advise you how your rights under the Federal Fair Labor Standards Act ("FLSA") may be affected by this lawsuit, and to inform you of the procedure for participating in this suit, should you choose to do so.

## DESCRIPTION OF THE LAWSUIT

Fourteen employees who encumbered one of the two positions listed above (the "Plaintiffs") have sued Defendant in the United States Court of Federal Claims alleging that Defendant improperly failed to pay them proper overtime during the course of their employment with Defendant. Plaintiffs allege that they are entitled to overtime and that Defendant's failure to pay them overtime properly violated the law. The case name is *Barry, et al. v. United States of America,* Case No.: 13-457C.

Plaintiffs are suing to recover unpaid wages from three (3) years prior to the making of a claim for owed damages. Plaintiffs are also seeking to recover liquidated damages, attorney fees, and costs associated with the litigation. The United States denies any and all liability and no ruling on the merits of this case has been made.

The Plaintiffs have retained the law firm of Snider & Associates, LLC, to represent their interests in this matter. Snider & Associates, LLC can be contacted at the following information:

Snider & Associates, LLC
600 Reisterstown Road; 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060

Fax: (410) 653-9061
Web: www.sniderlaw.com

## COMPOSITION OF THE COLLECTIVE ACTION

The named Plaintiffs seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly situated. The Plaintiffs and the Defendant have provisionally agreed that similarly situated employees in this matter are all past or present employees of Defendant from three years prior to the date of this Notice until the present who encumbered at any time a GS-1801 Immigration Officer ("IO") or GS-0132 Intelligence Research Specialist ("IRS") position within the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services office of Fraud Detection and National Security and had their FLSA exemption status converted from exempt to non-exempt.

This notice is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose. Your right to participate in this suit may depend upon a later decision by the United States Court of Federal Claims that you and the representative Plaintiffs are actually similarly situated.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, you may have a right to participate in this lawsuit.

## EFFECTS OF JOINING THIS LAWSUIT

If you choose to join in this lawsuit, you will be bound by the judgment, whether it is favorable or unfavorable. You will also be bound by, and will share in, any settlement that may be reached on behalf of the employees who have filed or opted in to this lawsuit. By joining this lawsuit, you designate the Named Plaintiffs as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning fees and costs, and all other matters pertaining to this lawsuit.

These decisions and agreements made and entered into by the representative Plaintiffs will be binding on you if you join this lawsuit. The representative Plaintiffs in this matter have entered into a contingency fee agreement with Plaintiffs' counsel, which means if there is no recovery, there will be no attorney's fees or costs chargeable to you. If there is a recovery, plaintiffs' counsel may receive a part of any settlement obtained or money judgment entered in favor of all members of the collective action or Plaintiffs' counsel may receive attorney fees and costs separate and apart from any settlement or judgment. You may request a copy of the contingency fee agreement executed by the named Plaintiffs in this matter from Plaintiffs' counsel at the address, telephone number or facsimile number that appear in this Notice.

## NO LEGAL EFFECT IN NOT JOINING THIS LAWSUIT

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the collective action. You will not be entitled to share any amounts recovered by the parties to the collective action. You will be free to file your own lawsuit, subject to any defenses that might be asserted. Claims under the Fair Labor Standards Act must

be brought within two years of when the claim accrues. However, if your employer's violation of the Fair Labor Standards Act was "willful" your claim has to be brought within three years of the date when it accrued. The pendency of this lawsuit will not prevent the statute of limitations as to any claims you might have from running against you.

## HOW TO PARTICIPATE IN THIS LAWSUIT

Enclosed you will find a form entitled "Opt-In Consent Form." If you choose to join this lawsuit, and thus participate in any recovery that may result from this lawsuit, you may read, sign and return the consent form. The consent form should be sent to

Jacob Y. Statman, Esq,
Snider & Associates, LLC
600 Reisterstown Road; 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9061
Email: jstatman@sniderlaw.com

The signed consent form must be returned to Mr. Statman on or before [insert date]. If your signed consent form is not promptly returned, you will not participate in any recovery obtained against defendant in this lawsuit. If you have questions about filling out or sending the consent, please contact Plaintiffs' counsel at the contact information contained in this Notice. It is strongly recommended that you contact Snider & Associates after submitting your consent form to confirm receipt.

You may also participate in this lawsuit by retaining the services of a lawyer of your own choosing. If you decide to participate in this suit through another attorney, your attorney must file a "Consent to Join" form on or before [insert date]. The address of the court is: United States Court of Federal Claims, 717 Madison Place N.W., Washington, D.C. 20005.

## NO RETALIATION PERMITTED

Federal law prohibits the United States, or any of its Agencies to retaliate against you in any way because of any decision you might make to take part in this case or to exercise your rights under the Fair Labor Standards Act.

## ADDITIONAL INFORMATION

Additional information about this notice or the lawsuit may be obtained from Snider & Associates, LLC. Please refrain from contacting the court with questions or requests for information.